Weight, J.,
delivered the opinion of the Court.
The plaintiff sued the defendants in the Circuit Court of Jackson county, upon an account coming from another county, verified by his affidavit before a justice of the peace, and certified as required by the act of 1819, ch. 25, sec. 1. The account was filed with the declaration. The defendants denied, on oath, the justice of the account, and the parties went to trial upon proof, under the plea of non-as-sumsit. The plaintiff offered to read to the j ury the account, so verified and denied, as evidence, but the Circuit Judge refused to allow this, upon objection by the defendants, upon the ground that the justice of the same had been denied on oath; and instructed the jury that the onus probandi to establish his account, was upon the plaintiff. In this there is no error. We may remark, that the oath, or affidavit, denying the account, is made by Peterman alone; but no question is made upon this, and we suppose none could be, since the defendants are sought to be charged jointly, as the personal representatives of Thomas Cope, deceased, and are alike interested in the defence of hia estate against this demand, and the oath broadly denies the justice of the account as to both. We do not mean to say that if liable at all, it is not in their individual character, for the account arises for professional services claimed to have been rendered them as the executors of Thomas Cope, in the defence of his will upon an issue of devisavit vel non between them and his heirs ; but what we mean, is, that we suppose, if charged, they would be entitled to reimbursement from the estate ; and, at all events, are jointly concerned in the defence. In such a case, in analogy to defences in equity, (Petty v. Hannum and Drane, 2 Hum., 102,) the oath of one, if it go to the justice of the account as to both, must be equally efficacious as if by both.
*500 Taking this to be so, it is clear, that the true construction of the act of 1819, ch. 25, sec. 1, carried into the Code, at sec. 3780, is, that the denial, on oath, of the justice of the account, does away all the force of the affidavit of the plaintiff, and puts him to the proof of the account as though the act had not existed. Such is the decision of our predecessors in Cave & Shaffer v. Baskett, 3 Hum., 340, 848.
The declaration was filed at the July Term, 1856, and the denial on oath was not made till the 30th of June, 1857, the day before the trial, and it is insisted the plaintiff was taken by surprise, and that the Circuit Judge erred in receiving it at so late a day. There is nothing in this. If not prepared to establish his demand, the plaintiff should have asked for a continuance of the cause; but this he did not do, hut elected to go to trial, and must abide the result.
Affirm the judgment.